UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------- X

DEVANTE CHAVOUS,

                                    Plaintiff,     **SECOND AMENDED
                                                   COMPLAINT**

                -against-
                                                   13-cv-4813-FB-MDG

THE CITY OF NEW YORK; P.O. REINALDO
RODRIGUEZ, Tax # 935630; P.O. JOHN DOES #
1-5; EXECUTIVE DIRECTOR DONNA LOCKE; TOUR          ECF Case
COMMANDER A.J.C. LESLIE SERRANO, J.C.
WADE GREEN and A.J.C. PETER UBA; the              Jury Trial Demanded
individual defendant(s) sued individually
and in their official capacities,
                                    Defendants.

---------------------------------------- X

### PRELIMINARY STATEMENT

        1.    This is a civil rights action in which plaintiff

seeks relief for the violation of plaintiff's rights secured by

42 U.S.C. § 1983; and the Fourth, Fifth, Sixth, Eighth and

Fourteenth Amendments to the United States Constitution.

Plaintiff's claims arise from incidents that arose on or about

September 2, 2010 and April 3, 2011.  During the incident, the

City of New York, and members of the New York City Police

Department ("NYPD") and the Administration of Children Services

Division of Youth and Family Services ("NYDYFS") formally New

York City Department of Juvenile Justice ("NYDJJ") subjected

plaintiff to, among other things: unlawful search and seizure;

false arrest; unreasonable force; excessive force; failure to

intervene; failure to supervise; malicious prosecution; denial of a fair trial; and implementation and continuation of an unlawful municipal policy, practice, and custom.  Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, pursuant 42 U.S.C. § 1988, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2.    This action is brought pursuant to 42 U.S.C. § 1983, and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

4.    Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in Kings County, and the City of New York is subject to personal jurisdiction in the Eastern District of New York.

## PARTIES

5.    Plaintiff Devante Chavous is African American who was a minor at the time of the incidents, and is a resident of the State of New York, Livingston County.

6.    At all times alleged herein, defendant City of New York was a municipal corporation organized under the laws of

the State of New York, which violated plaintiff's rights as described herein.

7.     Defendant City of New York is a municipal corporation, organized under the laws of the State of New York, which violated plaintiff's rights as described herein, and which controls and operates the NYPD facilities referred to in the complaint and the NYDYFS and/or NYDJJ detention center known as Horizon Juvenile Center, located at 560 Brook Avenue, Bronx, New York, which is also referred to in the complaint.  The NYPD and NYDYFS and/or NYDJJ are agencies of defendant City of New York.

8.     At all times alleged herein, defendants P.O. Reinaldo Rodriguez, Tax # 935630, and P.O. John Does # 1-5 were New York City Police Officers employed with the 77th Precinct and/or B3 Squad, Brooklyn, New York, located in Brooklyn, New York or other as yet unknown NYPD assignment, who violated plaintiff's rights as described herein.

9.     At all times alleged herein, defendants Executive Director Donna Locke, Tour Commander Associate Juvenile Counselor Leslie Serrano, Juvenile Counselor Wade Green and Associate Juvenile Counselor Peter Uba were New York City Executives, Juvenile Counselors, Staff Members, and/or Security Officers employed with NYDYFS and/or NYDJJ at the Horizon

3

Juvenile Center, Bronx, New York, who violated plaintiff's rights as described herein.

10.   The individual defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

### September 2, 2010 Incident

11.   On September 2, 2010, in the vicinity of 973 St. Marks Avenue, Apt. # 4L, Brooklyn, New York, and the 77th Precinct, Brooklyn, New York, several police officers operating from 77th Precinct and/or the B3 Squad, Brooklyn, New York, including upon information and belief, defendants P.O. Rodriguez, and P.O. John Does # 1-5, at times acting in concert, and at times acting independently, committed the following illegal acts against plaintiff.

12.   On September 2, 2010, at approximately 1:30 p.m. to 2:00 p.m. in the vicinity 973 St. Marks Avenue, Apt. # 4L, Brooklyn, New York, P.O. Rodriguez, and P.O. John Does # 1-5, without either consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff (or any third person) had committed a crime unlawfully arrested plaintiff.

13.   Plaintiff was in his home when the defendant officers came to the apartment door.

14.    Devante opened the door.

15.    The defendant officers asked about a disturbance.

16.    Devante told the defendant officers that there was no disturbance.

17.    Devante started to close, when the defendant officers kicked the door open, grabbed him and threw him back.

18.    The police twisted Devante's arms and placed excessively tight handcuffs on his wrists.

19.    The police struck Devante with their fists and a hard object, and stomped on him.

20.    The police struck and stomped on Devante after he had been handcuffed.

21.    The police took Devante from his home and transported Devante to the 77th Precinct where they processed his arrest.

22.    Eventually, the police transported plaintiff to a hospital, then Kings County Family Court for arraignment where upon information and belief he was released without being charged.

23.    In order to cover up their illegal actions, the police, including P.O. Rodriguez, pursuant to a conspiracy, initiated, and falsely and maliciously told the Office of the Corporation Counsel that the plaintiff had committed various

5

crimes, but upon information and belief the Corporation Counsel did not prosecute him and the case was dismissed on October 5, 2010.

24.    The defendant officers made these false allegations, despite the fact that they had no evidence that plaintiff had committed a crime, to cover up their misconduct.

25.    Upon information and belief, the unlawful actions against plaintiff were also based on profiling or racial indifference.

26.    Defendant City of New York was aware prior to the incident that the individual defendants (in continuation of its illegal custom, practice and/or policy) would arrest and prosecute innocent individuals, based on pretexts and false evidence.

27.    In addition to frequently violating the civil rights of countless residents of New York City, numerous members of the NYPD commit crimes. Officers have been arrested and convicted of such crimes as planting evidence on suspects, falsifying police reports, perjury, corruption, theft, selling narcotics, smuggling firearms, robbery, fixing tickets, driving under the influence of alcohol, vehicular homicide, assault and domestic violence. In fact, former NYPD Commissioner Bernard Kerik was convicted of corruption-related crimes in federal and

state court and served time in federal prison. In 2011, Brooklyn South narcotics officer Jerry Bowens was convicted of murder and attempted murder in Supreme Court, Kings County, while under indictment for corruption and is presently serving a life sentence. In 2011, Police Officer William Eiseman and his subordinate Police Officer Michael Carsey were convicted of felonies in Supreme Court, New York County, for lying under oath, filing false information to obtain search warrants and performing illegal searches of vehicles and apartments. In 2012, New York City Police Officer Michael Pena was convicted in Supreme Court, New York County, of raping and sexually assaulting a woman at gunpoint and is presently serving a sentence of 75 years to life.

28.   Additionally, the existence of the aforesaid unconstitutional customs and polices of profiling minorities, may be inferred by the August 12, 2013 decision in *Floyd, et al. v. City of New York, et al.*, 08-cv-1034-SAS, finding that the NYPD had violated the rights of thousands of citizens with respect to the application of its "Stop and Frisk" policy.

**April 3, 2011 Incident**

29.   On April 3, 2011, plaintiff was incarcerated and/or detained at Horizon Juvenile Center, Bronx, New York.

30.   On April 3, 2011, at Horizon Juvenile Center, several juvenile counselors, staff and/or security officers, including upon information and belief, defendants Tour Commander A.J.C. Serrano, J.C. Green, and A.J.C. Uba, at times acting in concert and at times acting independently, committed the following illegal acts against the plaintiff.

31.   On April 3, 2011, at approximately 7:00 p.m. at Horizon Juvenile Center, defendant J.C. Green attacked Devante without provocation, warning, or justification.

32.   Without provocation, J.C. Green, among other things, grabbed Devante, slammed Devante onto the floor, struck Devante, and extracted a key ring from his pocket to use against Devante.

33.   During the attack, at times, J.C. Green put Devante in a headlock, stranglehold and chokehold.

34.   Further, J.C Green continued to pursue Devante as staff arrived.

35.   A.J.C. Uba went to Devante and used excessive force by placing him in a headlock and maintained him in that hold as he escorted him through the dayroom thereby placing him in a substantial risk of harm.

36.   As A.J.C. Uba restrained Devante, he failed to prevent J.C. Green from coming after Devante on two occasions,

8

and J.C. Green punched and/or struck out at Devante as A.J.C. Uba held him.

37.   Upon information and belief Tour Commander A.J.C. Serrano was also present when A.J.C. Uba and J.C. Green committed these acts.

38.   Tour Commander A.J.C. Serrano and A.J.C. Uba failed to intervene, and protect Devante from the attack.

39.   Devante was physically injured as a result of the use of excessive force, including suffering a partially avulsed tooth.

40.   Plaintiff was transported to Lincoln Medical and Mental Health Center where his injuries were treated.

41.   Further, upon information and belief, defendants Tour Commander A.J.C. Serrano, J.C. Green, and A.J.C. Uba permitted and/or caused false critical incident reports to be filed to cover up the aforementioned unlawful acts.

42.   Upon information and belief, the aforesaid events are not isolated incidents.  Defendant City of New York was aware (from lawsuits, notices, and investigations) that many of the NYDYFS's and/or NYDJJ's counselors and/or security officers, including J.C. Green, are insufficiently trained on the proper way to use force, and respond to calls for assistance.

9

43.   Defendant City of New York was aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, City of New York failed to take corrective action.   This failure caused the counselors and/or security officers in the present case to violate the plaintiff's civil rights.

44.   Moreover, defendant City of New York was aware prior to the incident that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as counselors and/or security officers.  Despite such notice, City of New York has retained these counselors and/or security officers, and failed to adequately train and supervise them.

45.   Specifically, defendant City of New York and Executive Director Donna Locke were on notice but were deliberately indifferent to J.C. Green's high propensity for misconduct and abuse of residents in NYDYFS and/or NYDJJ's custody, care and control (which plaintiff was) by the fact that on January 26, 2004 he was suspended for 12 days for child abuse (excessive force), and on February 13, 2005 he was again suspended for 30 days for child abuse (unnecessary and excessive force).  Despite this notice defendant City of New York and Executive Director Donna Locke, who was responsible for overall

operations at Horizons, continued to give J.C. Green "very good" performance evaluations, and certificates, commendations, and awards, thereby failing to remedy his conduct.

**General Allegations**

46.   The individual defendants acted in concert committing the above-described illegal acts toward plaintiff.

47.   Plaintiff did not violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above incidents.

48.   At all times mentioned in the complaint, plaintiff did not commit a violation of law, regulation, or administrative code, either in or outside the individual defendants' presence.

49.   At no time prior to, during or after the above incidents were the individual defendants provided with information, or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiff had violated any law, regulation, or administrative code; committed any criminal act; or acted in a suspicious or unlawful manner prior to or during the above incidents.

50.   The defendants acted under pretense and color of state law and within the scope of their employment.  Said acts

by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of their rights.

51. As a direct and proximate result of defendants' actions, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, and humiliation.

52. Plaintiff is entitled to receive punitive damages from the individual defendants because the individual defendants' actions were motivated by extreme recklessness and indifference to plaintiff's rights.

53. Plaintiff was injured as a result of the defendants' conduct, including receiving medical treatment for his injuries regarding both incidents.

## FIRST CLAIM

### (UNLAWFUL SEARCH AND SEIZURE – POLICE OFFICER REINALDO RODRIGUEZ)

54. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

55. Defendant P.O. Reinaldo Rodriguez unlawfully seized and searched plaintiff without cause or consent.

12

56.   Accordingly, defendant Reinaldo Rodriguez is liable to plaintiff for unlawful search and seizure under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## SECOND CLAIM

### (FALSE ARREST - POLICE OFFICER REINALDO RODRIGUEZ)

57.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein

56.   Defendant P.O. Reinaldo Rodriguez falsely arrested plaintiff without consent, an arrest warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime.

57.   Accordingly, defendant P.O. Reinaldo Rodriguez is liable to plaintiff for false arrest under 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

## THIRD CLAIM

### (UNREASONABLE FORCE - POLICE OFFICER REINALDO RODRIGUEZ)

58.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

59.   Defendant P.O. Reinaldo Rodriguez's use of force upon plaintiff was objectively unreasonable.

60.   Defendant P.O. Reinaldo Rodriguez did not have an objective and/or reasonable basis to use any degree of force

13

against plaintiff, since plaintiff was unarmed, compliant, and did not resist arrest.

61.   Accordingly, defendant P.O. Reinaldo Rodriguez is liable to plaintiff for using unreasonable and excessive force, pursuant to 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

### FOURTH CLAIM

**(EXCESSIVE FORCE – JUVENILE COUNSELORS GREEN AND UBA)**

62.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

63.   Defendants J.C. Green's and A.J.C. Uba's use of force upon plaintiff was objectively unreasonable.

64.   Defendants J.C. Green and A.J.C. Uba did not have an objective and/or reasonable basis to use any degree of force against plaintiff, since plaintiff was unarmed, compliant, did not resist, and they used force against plaintiff without informing him that he was being arrested, placed into physical custody, or had violated an administrative code or regulation.

65.   Accordingly, J.C. Green and A.J.C. Uba are liable to plaintiff for using unreasonable and/or excessive force, pursuant to 42 U.S.C. § 1983; and the Fifth and Eight Amendment to the United States Constitution.

## FIFTH CLAIM

**(FAILURE TO INTERVENE - JUVENILE COUNSELORS UBA AND SERRANO)**

66.  Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

67.  Defendants Tour Commander A.J.C. Serrano and A.J.C. Uba had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

68.  Accordingly, the defendants are liable to plaintiff for failing to intervene to prevent the violation of plaintiff's constitutional rights.

## SIXTH CLAIM

**(FAILURE TO SUPERVISE – DEFENDANT EXECUTIVE DIRECTOR LOCKE)**

69.  Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

70.  Defendant Executive Director Locke is liable to plaintiff, by failing to supervise subordinates who committed wrongful acts, including J.C. Green, and exhibiting deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

71.  The Second Circuit stated in *Grullon v. City of New Haven*, 720 F.3d 133 (2d Cir. 2013) that:  "The personal

15

involvement of a supervisory defendant may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional  acts were occurring."

## SEVENTH CLAIM

### (MALICIOUS PROSECUTION - POLICE OFFICER REINALDO RODRIGUEZ)

72.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

73.   Defendant P.O. Rodriguez is liable to plaintiff for malicious prosecution because, pursuant to a conspiracy and acting with malice, the defendant initiated a malicious prosecution against plaintiff by knowingly, intentionally, and maliciously providing false statements (including signed disciplinary reports, complaints and police reports) to

prosecutors, hearing officers and/or the court(s), which alleged plaintiff had committed various crimes.

74.   Defendant P.O. Rodriguez lacked probable cause to believe the above-stated malicious prosecution(s) could succeed.

75.   Defendant P.O. Rodriguez acted to cover up his illegal and unconstitutional conduct by initiating the above-stated malicious prosecution(s).

76.   The above-stated malicious prosecution(s) caused a sufficient post-arraignment liberty restraint on plaintiff.

## EIGHTH CLAIM

### (DENIAL OF FAIR TRIAL - POLICE OFFICER REINALDO RODRIGUEZ)

77.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

78.   Defendant P.O. Rodriguez is liable to plaintiff because he intentionally conspired to fabricate evidence against plaintiff, depriving plaintiff of liberty without due process of law.

79.   Furthermore, defendant P.O. Rodriguez violated the law by making false statements by drafting and/or signing a sworn criminal court complaint and false police reports.

80.   Furthermore, defendant P.O. Rodriguez violated the law by manipulating evidence to obtain a prosecution and

17

unjust conviction, while performing the function of investigators.

81.   Defendant P.O. Rodriguez was on notice that creating fabricated evidence is a clear violation of law because it well established that individuals who knowingly use false evidence at trial to obtain a conviction act unconstitutionally and is redressable in an action for damages under 42 U.S.C. § 1983.

82.   Defendant is also liable to plaintiff because he intentionally created false information likely to influence a fact finder's or jury's decision by, *inter alia*, forwarding false information to prosecutors, drafting and signing a sworn criminal court complaint and police reports, omitting and/or manipulating evidence, fabricating testimony and evidence, suppressing and concealing exculpatory material and evidence, and forwarding and presenting false information to a court thereby violating plaintiff's constitutional right to a fair trial or disciplinary hearing, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983.

## NINTH CLAIM

### (MONELL CLAIM — DEFENDANT CITY OF NEW YORK)

83.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

84.   Defendant City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiff.

85.   Defendant City of New York through the NYPD and NYDYFS and/or NYDJJ, and its police officers, juvenile counselors, staff and/or security officers, committed the following unconstitutional practices, customs and policies against plaintiff: (1) wrongfully arresting innocent persons in order to meet productivity goals; (2) wrongfully arresting individuals based on pretexts and profiling; (3) using unreasonable and/or excessive force on individuals; and (4) fabricating evidence against innocent persons.

86.   Upon information and belief, defendant City of New York, at all relevant times, was aware that the defendants were unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

87.   Nevertheless, defendant City of New York exercised deliberate indifference by failing to take remedial

19

action.  The City failed to properly train, retrain, supervise, discipline, and monitor the individual defendants and improperly retained and utilized them.  Moreover, upon information and belief, defendant City of New York failed to adequately investigate prior complaints filed against the individual defendants.

88.  The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct involving the individual defendants, placing the defendant City of New York on notice of the individual defendants' propensity to violate the rights of individuals.

89.  The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, NYPD, and the NYDYFS and/or NYDJJ were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

90.  The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, NYPD and the NYDYFS and/or NYDJJ were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

91.   The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

**WHEREFORE**, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a.   Compensatory damages in an amount to be determined by a jury;

b.   Punitive damages in an amount to be determined by a jury;

c.   Costs, interest and attorney's fees, pursuant to 42 U.S.C. § 1988; and

d.   Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:   Brooklyn, New York
         April 1, 2014

                              MICHAEL O. HUESTON, ESQ.
                              *Attorney for Plaintiff*
                              16 Court Street, suite 3301
                              Brooklyn, New York 11241
                              (718) 246-2900
                              mhueston@nyc.rr.com
                              By:

                              ___s/_____
                              MICHAEL O. HUESTON